NICOLO CRISCUOLO *vs.* SOCIETA MONARCHICA DI MUTUO SOCCORSO VITTORIO EMANUELE III.

Third Judicial District, New Haven, January Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A finding of fraud based upon conflicting evidence will not be disturbed upon appeal.

A by-law of a fraternal benefit society prescribed that no person over fifty years of age could become a member, and that any member misstating his age would, on discovery, be expelled and forfeit all dues theretofore paid. In an action to recover sick benefits it was *held:*—

1. That the ineligibility of the plaintiff, who was over fifty and had obtained admission by intentionally misrepresenting his age, was not waived, nor was his election validated, by the subsequent adoption of a by-law reducing the age limit to forty-five and prescribing that all then-existing members should be exempt from this qualification of age.

2. That the provision for a forfeiture of dues paid was not unlawful nor unreasonable, at least when the expulsion was due to inten-

tional misrepresentation in a matter material to the risk; and therefore the defendant society was not bound to return dues paid by the plaintiff before the discovery of his fraud.

Argued January 20th—decided March 26th, 1915.

ACTION against a fraternal benefit society to recover sick benefits, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Edwin S. Pickett,* for the appellant (plaintiff).

*Charles S. Hamilton,* for the appellee (defendant).

BEACH, J. At the time when the plaintiff was admitted to membership in the defendant society, its by-laws provided that no person over fifty years of age could become a member, and that any member misstating his age should on discovery be expelled and forfeit all dues theretofore paid to the society. Except for a reduction in the age limit for admission from fifty years to forty-five years, these by-laws remained in force until the date of the judgment in this case.

The complaint alleges that the plaintiff was a member of the society, and as such became entitled to sick benefits amounting to $181.50, which amount, excepting $29, the receipt of which is admitted, the defendant refuses to pay. The answer denies plaintiff's membership, and for a second defense alleges that the plaintiff falsely and fraudulently represented that he was not over fifty years of age at the time of his alleged admission, whereas in fact he was past the age of fifty and not eligible for membership, as the plaintiff then knew.

The trial court has found these allegations of the

Criscuolo *v.* Societa Monarchica.

second defense to be true, and the plaintiff has excepted to the finding of fraud and caused all the evidence to be certified. As the evidence is conflicting and that of the defendant's witnesses sufficient to support the finding, the exception must be overruled. Several witnesses testified that at the time of his admission the plaintiff was informed that persons over fifty could not be admitted to membership, and that he then stated his age as forty-eight. The plaintiff's testimony is that he told them he was born in 1848, which would have made him fifty-two years old at the date of his admission. He does not deny knowing that persons over fifty were ineligible.

The plaintiff further claims that the defendant waived his ineligibility by a subsequent by-law, the effect of which was to reduce the age limit for admission from fifty to forty-five, and to provide that all those members who had already been admitted should be exempt from this qualification of age and should be called promotor members and founders. This proviso was for the benefit of those who had been regularly admitted to membership under the former age limit and who might otherwise seem to be declared ineligible by the new by-law. It does not validate the fraudulent election of one who was not eligible under either age limit.

The defendant was not bound, as claimed by the plaintiff, to return all dues paid by the plaintiff on discovering the fraud. None were paid after that, and until then the plaintiff received sick benefits, and enjoyed the advantages of membership in the society, and continued to pay his dues with knowledge, actual or imputed, of the by-law of the society to the effect that any member found guilty of misrepresenting his age should forfeit all dues theretofore paid. Such a by-law of a mutual benefit society is not unlawful

and is not unreasonable, when, as in this case, the misrepresentation is intentional and materially affects the acceptability of the risk.

There is no error.

In this opinion the other judges concurred.